People v Mayrhofer (2026 NY Slip Op 01808)

People v Mayrhofer

2026 NY Slip Op 01808

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2025-08987

[*1]The People of the State of New York, respondent, 
vGuenther Mayrhofer, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar M. O'Rourke of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 1, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting a sexual performance by a child (Penal Law § 263.15). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant a total of 60 points on the risk assessment instrument, resulting in his presumptive designation as a level one sex offender. The court then granted the People's application for an upward departure from the presumptive risk level and designated the defendant a level two sex offender. The defendant appeals.
Where, as here, the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the Guidelines, and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861-862; People v Paul, 168 AD3d 1004, 1005). When the People have met this burden, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the People established, by clear and convincing evidence, the existence of aggravating factors, including the disturbing nature of the images of child pornography the defendant possessed over the course of at least four years and his admitted interest in pornography involving rape, torture, and violence (see People v Bowen, 175 AD3d 516, 517; People v Rotunno, 117 AD3d 1019). After weighing the aggravating and mitigating factors, the totality of the circumstances warranted an upward departure to level two to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
The defendant's remaining contention is without merit.
Accordingly, the County Court providently exercised its discretion in granting the People's application for an upward departure and properly designated the defendant a level two sex offender.
GENOVESI, J.P., WARHIT, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court